SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Paul.Maloney@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00223-MTK-1** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RAMON JOSE GASTELLUM MENDOZA,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within a Mexico-based drug trafficking organization responsible for transporting bulk quantities of narcotics into Oregon. Pursuant to a plea agreement, he pled guilty to Count One of the indictment. The government has agreed to jointly recommend a sentence of 30 months' imprisonment, followed by five years' supervised release. The government recommends this sentence because it is consistent with the advisory sentencing guidelines, proportional to defendant's conduct, accounts for defendant's history and circumstances, and avoids unwarranted sentencing disparities. The recommended sentence therefore achieves the goals of sentencing.

**Government's Sentencing Memorandum**                                                    **Page 1**

## I.      SENTENCING CALCULATIONS

### A.      Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is largely consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG § 2D1.1(c)(4) | 1.2-4 kilograms of fentanyl | BOL=32 |
| USSG §§ 2D1.1(a)(5) and (e) | Large Quantity and Mitigating Role | -2 |
| USSG § 2D1.1(b)(18) | Safety valve | -2 |
| USSG § 3B1.2(a) | Mitigating role reduction | -2 |
| | **Adjusted Offense Level** | **26** |

The government has agreed to recommend several reductions as detailed in the confidential supplement to the PSR including a three-level acceptance of responsibility reduction, and a downward variance. The PSR correctly calculates defendant's criminal history category II (zero points), which, prior to any variance, produces an advisory guideline range of 51-63 months' imprisonment.

Pursuant to the plea agreement the government has agreed to recommend a downward variance for all 3553a factors including defendant's early resolution with no motions or needless delay.

### C.      The Recommended Sentence

Pursuant to the plea agreement, the parties jointly recommend a sentence of 30 months' imprisonment to be followed by five years' supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

## II.      ARGUMENT

### A.      Factual Summary

**Government's Sentencing Memorandum**                                                                **Page 2**

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 17-23. In summary, defendant and co-defendant were arrested following a controlled purchase of over two gross kilograms of fentanyl following a controlled purchase conducted with an government informant.

**B.     30 Months' Imprisonment is Sufficient but Not More than Necessary**

Defendant was not a leader/organizer within this conspiracy and his primarily served a low-level function. The defendant has received a number of sentencing concessions despite the enormous quantity of dangerous drugs he possessed with intent to distribute to others.

The plea agreement in this case, and the recommended sentence accounts for the defendant's role in the scheme and balances that against the large quantity of drugs he possessed with intent to distribute to others. For these reasons, in addition to those detailed in the government's confidential supplement to the PSR, a sentence of 30 months' imprisonment and five years' supervised release is more than warranted for defendant's offense. This sentence is sufficient but not more than necessary to achieve the goals of sentencing.

/ / /

/ / /

/ / /

**Government's Sentencing Memorandum**                                                    **Page 3**

**III.     CONCLUSION**

Based on the forgoing, the government recommends that this Court impose a sentence of 30 months' imprisonment, order defendant to pay a $100 fee assessment, followed by a five-year term of supervised release, subject to the standard conditions and special conditions set forth in the PSR.

Dated: July 1, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

PAUL T. MALONEY, OSB #013366
Assistant United States Attorney